UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

EZRA C. GARNER,

                       Plaintiff,

v.

NEW YORK STATE PARKS
AND RECREATION,

                       Defendant.
_____

**DECISION AND ORDER**

18-CV-0501-LJV-JJM

        Acting *pro* se, plaintiff, Ezra C. Garner, commenced this action, alleging employment discrimination based on race, color, and national origin in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.* against defendant New York State Parks and Recreation. Complaint [1].[1] Plaintiff alleges he was subject to harassment based upon his race and/or color and discharged due to his race and/or color. Complaint [1], ¶¶ 14, 19.

        Before the court are the parties' cross-motions to compel discovery [45, 49], which have been referred to me by District Judge Lawrence J. Vilardo. [10]. Having considered the parties' submissions [45, 49, 51, 52][2] and heard oral argument on March 15, 2021 [53], plaintiff's motion is granted in part and denied in part, and defendant's motion is granted in part and denied in part.

---

[1]     Bracketed references are to the CM/ECF docket entries. Unless otherwise indicated, page references are to CM/ECF pagination (upper right corner of the page).

[2]     Plaintiff filed a Memorandum of Law in support of his motion to compel [56] on March 29, 2021. Because this Memorandum of Law is untimely, I do not consider it here. *See* Local Rules of Civil Procedure, Rule 7(b)(1) ("the Court may issue an order setting deadlines . . . for filing and service of reply papers"); *see also* Text Order [48], requiring plaintiff to file his reply in further support of his motion no later than March 8, 2021.

## DISCUSSION

"Courts have wide discretion to manage discovery." Smith v. Haag, 2009 WL 3073976, *3 (W.D.N.Y. 2009). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . . Information within the scope of discovery need not be admissible in evidence to be discoverable". Fed. R. Civ. P. ("Rule") 26(b)(1). "[I]t is established law that *pro se* litigants, like those represented by attorneys, are equally obliged to comply with discovery requirements under the Federal Rules of Civil Procedures". Swinton v. Livingston County, 2016 WL 6248675, *2 (W.D.N.Y. 2016); In re Robinson, 2019 WL 2342324, *4 (Bankr. S.D.N.Y. 2019) (the plaintiff's "status as a *pro se* litigant does not excuse her from meeting her discovery obligations"). Prior to making a motion to compel, a party must confer, or attempt to confer, with the party failing to make disclosure or discovery in an effort to obtain the discovery without court action. Rule 37; *see also* Local Rule of Civil Procedure 7(d)(3).

**A.     Plaintiff's Motion to Compel**

Defendant served its initial disclosures and its Responses to plaintiff's Requests for Documents and Requests for Admissions on July 1, 2020, along with 654 pages of responsive documents. *See* Belka Declaration [49-2], ¶ 5 and pp. 13-32 (defendant's July 1, 2020 correspondence with responses). Plaintiff previously filed a motion to compel on September 21, 2020. Motion to Compel [28]. Generally, in his first motion, plaintiff complained that defendant failed to produce:

1. Documents demonstrating why defendant terminated him;

2. Documents related to various automobile accidents in which he was involved in the course of his employment;

3. Defendant's liability insurance policy; and

   4. Other "minor items" that were not particularized.

   I ordered plaintiff to meet and confer with defendant to narrow the discovery issues. Text Order [35]. Due to plaintiff's failure to comply with that order and his failure to appear at a subsequent court conference scheduled to discuss discovery, I denied his first motion to compel. Text Order [37].

   In his second motion to compel, plaintiff fails to identify with any particularity the specific discovery to which he believes he is entitled, but claims that defendant has "repeatedly refused" to comply with discovery or to produce "documents, addresses, and other pertinent information" that he requested. [45], p. 1. Plaintiff complains in his response to defendant's cross-motion that defendants did not provide accurate addresses for the witnesses disclosed in its Rule 26 disclosure, and that defendant's request for his deposition was intended to harass him. Plaintiff's Response [51], pp. 2-3.

   Defendant responds that it produced the documents plaintiff demanded in his Requests for Documents, and points to correspondence dated October 15, 2020 in which defendant explained to plaintiff how its responses and production responded to his specific demands. *See* Belka Declaration [49-2], ¶ 13 and pp. 94-97 (October 15, 2020 correspondence).

   After reviewing the substance of plaintiff's Requests for Documents and defendant's Responses, I agree that defendant has properly responded. *Compare* Plaintiff's First Request for the Production of Documents [46] *to* Belka Declaration [49-2], pp. 14-32 (defendant's July 1, 2020 Responses). Further, plaintiff has failed to specify with particularity any demand that remains outstanding, object to any particular response, and meet and confer concerning any issues with defendant's responses. Accordingly, plaintiff's motion is denied insofar as it seeks this court to compel further responses.

In addition, defendant states that it does not have a liability insurance policy. See Belka Declaration [49-2], pp. 19 (defendant's Response to Document Request #2), 31 (defendant's Rule 26 Disclosure). "[A] party's good faith averment that the items sought simply do not exist, or are not in his possession, custody, or control, [generally] should resolve the issue of failure of production since one cannot be required to produce the impossible." Mason Tenders District Council of Greater New York v. Phase Construction Services, Inc., 318 F.R.D. 28, 42 (S.D.N.Y. 2016) (internal quotation omitted). Accordingly, plaintiff's motion insofar as it requests disclosure of defendant's insurance policy is also denied.

With respect to plaintiff's request for the addresses and phone numbers of those witnesses identified in defendant's Rule 26 disclosure, however, plaintiff's motion is granted. "Rule 26(a)(1) . . . requires the home addresses and telephone numbers of disclosed witnesses who are employees of the disclosing party". State of New York v. Grand River Enterprises Six Nations, Ltd., 2020 WL 7350335, *4 (W.D.N.Y. 2020) (citing 6 Moore's FEDERAL PRACTICE—Civil § 26.224(a)(1)). For example, "providing counsel's address in lieu of that of the disclosed witness does not comply with Rule 26(a)(1)". Id. Accordingly, plaintiff's motion is granted only to the extent that it requests the home address and telephone number of the witnesses disclosed in defendant's Rule 26 disclosure.

B.     Defendant's Motion to Compel

Defendant seeks to compel plaintiff to serve an initial disclosure and responses to its interrogatory requests, and to schedule his deposition.[3]  See Belka Declaration [49-2], ¶ 41.

---

[3]     Defendant also moved to compel plaintiff to respond to its document requests. However, plaintiff has now stated that "[a]ll information available to [him] at the time of the defendant's request was in fact provided to the defendants" at the time he served his response to the document request. Plaintiff's Response [51], p. 1. Moreover, plaintiff represented that he has now served documentary evidence

Defendant satisfied his obligation to confer with plaintiff concerning this outstanding discovery by letter dated February 1, 2021. Id., ¶ 39 and pp. 99-100 (February 1, 2021 correspondence). In reply, plaintiff does not contest that he did not serve a formal Rule 26 disclosure, nor that he did not respond to defendant's interrogatories. He interposes no objections to defendant's interrogatories.

On March 15, 2021, plaintiff filed a Certification to the Court of his Compliance to Defendants' Requests for Discovery Pursuant to FRCP's 26(a) and 37. [55] Plaintiff attached to the "Compliance" a copy of his Responses to Defendant's First Request for the Production of Documents (id., pp. 9-16) and to Defendant's First Request for Admissions (id., pp. 20-23). While he attached a copy of Defendant's First Set of Interrogatories (id., pp. 24-27), plaintiff did not reference or attach any response.

Plaintiff is required to serve an initial disclosure under Rule 26. The rule is plain. A party "must" provide the itemized disclosures. Rule 26 (a)(1)(A) (emphasis added). I note that plaintiff filed on March 15, 2021 a Rule 26 Disclosure with a certificate of service upon defendant's attorney. [54].

Further, defendant is entitled to the discovery devices provided by the Rules, including depositions and interrogatories. See Rules 30, and 33. Plaintiff's failure to timely respond to defendant's discovery demands waives any objection which may have been available to him. See Eldaghar v. City of New York Department of Citywide Administrative Services, 2003 WL 22455224, *1 (S.D.N.Y. 2003) ("[i]f a party fails to file timely objections to document requests, such a failure constitutes a waiver of any objections which a party might have to the requests"). Nevertheless, I am mindful that "waiver of [plaintiff's] objections does not otherwise

---

discovered since that time. Accepting these representations, defendant withdrew that specific request for relief. See Defendant's Reply [52], pp. 3-4. Accordingly, I deny that portion of defendant's motion.

excuse this Court from its obligation to manage discovery in this case . . . including limiting its scope as appropriate." Holloway v. Dollar Tree Distribution, Inc., 2015 WL 3606326, *2 (D.Conn. 2015).

My review of the interrogatories, however, reveals that they comply in scope and number with Rule 33. *See* Belka Declaration [49-2], pp. 61-64 (Defendant's First Set of Interrogatories, itemizing 15 interrogatories, one of which contains four subparts); *see also* Rule 33(a), limiting the number of interrogatories to "no more than 25 . . . including all discrete subparts", and the scope to "any matter that may be inquired into under Rule 26(b)".

Finally, defendant's efforts to depose plaintiff cannot be viewed as harassment. Defendant served a notice of deposition upon plaintiff on or about March 11, 2020. *See* Belka Declaration [49-2], pp. 48-58. Defendant's correspondence seeking to schedule a deposition of "up to 7 hours" complies with Rule 30(d)(1) ("[u]nless otherwise stipulated or ordered by the court, a deposition is limited to one day of 7 hours").

## CONCLUSION

For these reasons: (1) plaintiff's motion to compel [45] is granted to the extent that it requests the home address and telephone number of each of the witnesses disclosed in defendant's initial disclosures, but is otherwise denied; and (2) defendant's motion to compel [49] is granted to the extent that it seeks to compel plaintiff to serve initial disclosures pursuant to FRCP Rule 26(a)(1), responses to its interrogatories, and scheduling of plaintiff's deposition, but is otherwise denied. The parties were instructed at the close of oral argument to confer concerning a date for deposition. If the parties were unable to agree to a date for plaintiff's deposition, they shall contact the court to schedule a date. Unless a stay is obtained from District Judge Vilardo, plaintiff shall serve his responses to defendant's interrogatories on or before April

14, 2021, and defendant shall serve the addresses and telephone numbers of the witnesses listed in its initial disclosures, if known, on or before the same date.

**SO ORDERED**.

Dated:   April 8, 2021

/s/   Jeremiah J. McCarthy  
Jeremiah J. McCarthy  
United States Magistrate Judge