UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

EZRA C. GARNER,

        Plaintiff,

    v.                                                           18-CV-501-LJV-JJM
                                                                    DECISION & ORDER

NYS PARKS & RECREATION,

        Defendant.

---

On May 2, 2018, the *pro se* plaintiff, Ezra C. Garner, commenced this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and the New York State Human Rights Law. Docket Item 1. On November 7, 2019, the case was referred to United States Magistrate Judge Michael J. Roemer for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B); the case later was reassigned to United States Magistrate Judge Jeremiah J. McCarthy on July 2, 2020. Docket Items 10, 22.

In February 2021, each party moved to compel discovery from the other, *see* Docket Items 45, 49, and Judge McCarthy granted in part and denied in part both motions on April 8, 2021, Docket Item 58. More specifically, Judge McCarthy granted Garner's motion "only to the extent that [he] requests the home address and telephone number of the witnesses disclosed in [the] defendant's Rule 26 disclosure." *Id.* at 4. And Judge McCarthy granted the defendant's cross-motion "to the extent that it seeks to compel [the] plaintiff to serve initial disclosures pursuant to [Federal Rule of Civil Procedure] 26(a)(1), respon[d] to its interrogatories, and schedul[e his] deposition." *Id.* at 6.

After Garner continued to fail to respond to the defendant's interrogatories and to make himself available for his deposition, the defendant moved to dismiss for failure to prosecute and failure to comply with Judge McCarthy's orders. Docket Item 62. Garner responded to that motion on June 8, 2021, Docket Items 64 and 65, and the defendant replied a week later, Docket Item 66. On August 10, 2021, Judge McCarthy issued a Report and Recommendation ("R&R") finding that the defendant's motion should be granted and this case dismissed. Docket Item 70.

On August 27, 2021, Garner objected to the R&R, arguing that his case "can only be properly prosecuted after the defendant[] ha[s] provided the missing discovery documents, items and tangible things that the plaintiff requested from [it]." Docket Item 72 at 3. The defendant responded to Garner's objection on September 20, 2021. Docket Item 74. Garner did not file a reply.

At Garner's request, this Court scheduled oral argument on his objection for June 3, 2022. Docket Item 76. Garner failed to appear at that hearing. *Id.* But because the order setting the hearing date was returned as undeliverable, this Court gave Garner another opportunity to "show cause[] . . . why this Court should not consider his objection without oral argument." Docket Item 78. Garner did not respond to that order, and the time to do so has elapsed.[1]

---

[1] This Court mailed that show-cause order to two addresses associated with Garner; both mailings subsequently were returned as undeliverable. *See* Docket Items 79, 80. So this Court apparently does not have Garner's current address, and this case therefore is subject to dismissal under the Local Rules of Civil Procedure. *See* L. R. Civ. P. 5.2(d) ("[A] *pro se* litigant must inform the Court immediately, in writing, of any change of address. Failure to do so may result in dismissal of the case, with prejudice."). Regardless, this case is dismissed for the reasons set forth below. And while this Court scheduled oral argument to accommodate Garner's request, oral argument is not necessary to resolve his objection. *See Dotson v. Griesa*, 398 F.3d

2

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The court must review *de novo* those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

This Court has carefully and thoroughly reviewed the R&R; the record in this case; the objection and response; and the materials submitted to Judge McCarthy. Based on that *de novo* review, the Court accepts and adopts Judge McCarthy's recommendation to dismiss this case.

As Judge McCarthy explained, Garner failed to adequately respond to the defendant's interrogatory responses and failed to schedule his deposition despite being ordered by Judge McCarthy to do both. *See* Docket Item 70 at 6-8. Garner was warned that his failure to comply with Judge McCarthy's order could result in dismissal, but he still did not comply. *See id.* at 8. And for the reasons set forth in the R&R, that warrants dismissal here.[2]

---

156, 159 (2d Cir. 2005) ("[A] district court acts well within its discretion in deciding dispositive motions on the parties' written submissions without oral argument.").

[2] Judge McCarthy cited and considered various non-exclusive factors that courts address when deciding whether to dismiss a case under Rule 37(b) or Rule 41(b). *See* Docket Item 70 at 5-10. To the extent that Judge McCarthy did not separately and explicitly consider the duration of Garner's noncompliance with discovery demands or court orders—one of those non-exclusive considerations, *see id.* at 5—that factor favors dismissal here as well. When Judge McCarthy issued his R&R, Garner had not complied with the defendant's discovery requests for well over a year and had not complied with Judge McCarthy's order for about four months. *See* Docket Item 49-2 at ¶¶ 26-27; Docket Item 58; Docket Item 70. Courts have dismissed cases under Rule 37(b) and Rule 41(b) for similar delays. *See Viruet v. City of New York*, 2020 WL 4458789, at *6 (S.D.N.Y. May 1, 2020) (collecting cases), *report and recommendation adopted*, 2020 WL 4431599 (S.D.N.Y. July 31, 2020).

3

In his objection, Garner again argues that he need not comply with the defendant's discovery requests because the defendant allegedly failed to comply with his. *See, e.g.*, Docket Item 72 at 1 ("The plaintiff objects to the Magistrate Judge refusing to acknowledge that the defendant[] failed to or simply refused to provide the plaintiff with the majority of the discovery requests that [Garner] made upon the defendant[]."). But Judge McCarthy already rejected that argument. *See* Docket Item 70 at 7 ("[O]ne party's noncompliance with discovery requirements does not excuse the other's failure to comply."). So even if Garner is correct that the defendant failed to comply with his requests—and as Judge McCarthy concluded, he is not, *see id.* at 7 n.4—that does not excuse his own noncompliance. And Garner's remaining arguments do not undermine Judge McCarthy's recommendation to dismiss this case.[3]

## **CONCLUSION**

For the reasons stated above and in R&R, the defendant's motion to dismiss, Docket Item 62, is GRANTED. The Clerk of the Court shall close the case.

The Court hereby certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore denies leave to appeal as a poor person. *Coppedge v. United States,* 369 U.S. 438 (1962). Garner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within 30 days of the date of judgment in this action. Requests to proceed on

---

[3] To the extent that Garner asks this Court to review Judge McCarthy's decision not to recuse himself, *see* Docket Item 72 at 2 ("object[ing] to [Judge McCarthy's] expressions of bias and prejudice"), the Court finds that Judge McCarthy's decision was not in error.

appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated: August 22, 2022
Buffalo, New York

/s/ Lawrence J. Vilardo
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE